989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles MCFERREN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2342.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1993.
 
 Before MILBURN and RYAN, Circuit Judges, and COFFIN, Senior Circuit Judge.*
 
 ORDER
 
 1
 Charles McFerren, a federal prisoner, appeals pro se from the denial of his motion for relief from judgment, which was construed as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 McFerren entered a guilty plea to charges of conspiracy to possess with intent to distribute and to distribute cocaine, being a felon in possession of a firearm, and income tax evasion. He was sentenced to twelve years, twenty-seven months, and five years imprisonment, respectively, with all terms to run concurrently. His conviction was affirmed on direct appeal. McFerren then filed two identical motions for relief from judgment arguing that the district court had lacked jurisdiction over his case because the offenses were not committed on federally owned property. The district court construed the motions as motions to vacate sentence under 28 U.S.C. § 2255. The motions were denied, with the district court taking judicial notice of the fact that the crimes were committed within the United States.
 
 
 3
 Upon review, it is concluded that these motions were properly construed as motions under 28 U.S.C. § 2255, the proper method for raising a jurisdictional challenge in a criminal proceeding. See United States v. Addonizio, 442 U.S. 178, 185 (1979). The motions were properly denied, as it plainly appears from the face of the motion that McFerren is not entitled to relief. See Rule 4, Rules Governing § 2255 Proceedings.
 
 
 4
 The authorities cited by McFerren concern 18 U.S.C. § 7, which defines the "special maritime and territorial jurisdiction of the United States." However, commission within the special territorial jurisdiction of the United States was not an element of any of the crimes with which McFerren was charged. The district court clearly had jurisdiction over the case because it involved offenses against the laws of the United States. See 18 U.S.C. § 3231.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank M. Coffin, Senior Circuit Judge, United States Court of Appeals for the First Circuit, sitting by designation